JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
MICHAEL K. NAETHE, ESQ.
Nevada State Bar No. 11222
LAW OFFICE OF JACOB L. HAFTER & ASSOCIATES
7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALAN KARTMAN, an individual;<br><br>　　　　　Plaintiff,<br>vs.<br><br>OCWEN LOAN SERVICING, LLC.; MTC FINANCIAL, INC., dba TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive,<br><br>　　　　　Defendants. | Case No.:   2:09-cv-02404-RCJ-PAL<br><br>**OPPOSITION TO DEFENDANT MERS' MOTION TO DISMISS REMANDED CAUSES OF ACTION** |

COMES NOW, Plaintiff ALAN KARTMAN, by and through his attorneys of the Law Offices of Jacob Hafter & Associates, and hereby submits this OPPOSITION to the MOTION TO DISMISS REMANDED CAUSES OF ACTION filed by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") ("Motion"). See Document 18. This Opposition is made and based upon Local Rule 7-2(b), the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other argument this Court may allow.

///

///

1

|   |   |
|---|---|
| 1 | LAW OFFICE OF JACOB HAFTER & ASSOCIATES |
| 2 |   |
| 3 | By: _____ |
| 4 | Jacob L. Hafter, Esq.<br>Nevada Bar Number 9303 |
| 5 | Michael Naethe, Esq.<br>Nevada Bar Number 11222 |
| 6 | 7201 W. Lake Mead Blvd., Ste 210<br>Las Vegas, Nevada 89128 |
| 7 | Attorneys for Plaintiff |

8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///



**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant MERS' Motion asks this Court to ignore the rights of the Plaintiff under Nevada law to perpetrate further injustice. By design, the complex system set up is wrought by misdirection and confusion. However, in their haste to securitize and foreclose upon predatory notes, Defendant MERS overlooked important aspects of state law.

Originally filed in Nevada District Court, the Complaint sets a number of causes of action supported by facts and law known to the Plaintiff to the best of her knowledge and belief. They are premised upon the injustice wrought by the "originate to distribute" model of real estate finance established by the Defendants. The "originate to distribute" model incentivizes disregard for state lending laws and encourages predatory lending. If this Court reviews the facts asserted by the Plaintiff, it is clear that Court intervention is necessary to prevent further injustice. As a result, the Plaintiff respectfully requests this Court deny Defendant MERS' motion to dismiss. As an alternative, should this Court see additional fact development, Plaintiff requests leave to amend the complaint.

**II.**

**FACTUAL BACKGROUND**

Plaintiff has fully set forth her understanding of the facts in the verified complaint. As these facts, for the purpose of the present motion, must be accepted as true, the Plaintiff refers the Court to the statement of facts contained therein.

**III.**

**LEGAL ARGUMENT**

**A. STANDARD OF REVIEW**

The Supreme Court has stated that "[w]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007). "While a complaint attacked by Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not d." Id. at 555.

Whether a complaint is "plausible" turns not on whether the alleged conduct is unlikely, but on whether the complaint contains sufficient non-conclusory factual allegations to support a reasonable inference that the conduct occurred. In particular,

> To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. We do not so characterize them any more than the Court in *Twombly* rejected the plaintiffs' express allegation of a 'contract, combination or conspiracy to prevent competitive entry,' because it thought that the claim too chimerical to be maintained. It is the conclusory nature of the respondent's allegations, rather than their extravagantly fanciful nature, that disentitled them to the presumption of truth.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).

In Iqbal, the Court set out a two-pronged approach for evaluating whether a complaint satisfies FRCP 8's pleading requirement. First, the court must identify the allegations in a complaint that are not entitled to the assumption of truth. See Id. at 1949-50. In other words, the court must separate pleadings of fact from pleadings of conclusion. See Id. Second, the court must evaluate the factual assertions, all of which are to be assumed to be true, to determine if "they plausibly suggest an entitlement to relief." Id. at 1950.

Notwithstanding, dismissal of a complaint is disfavored and should only be granted in "extraordinary" cases. Calstar LLC v. First Union Nat'l Bank, 35 Fed. Appx. 602, **1 (9th Cir. 2002), citing United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir.1981). However, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Id., citing Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988). If a complaint lacks facts to support a legal theory, but those facts could easily be supplied, the complaint should not be dismissed without leave to amend. See Id., citing Fed.R.Civ.P. 15(a) (stating that leave to amend should be "freely given"); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[A] district court

4

should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts."(quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.1995))).  Ultimately, <u>Twombley</u> and its progeny further the policy goal of providing the defendant "fair notice of what the…claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 550 U.S. 89, 93 (2007), quoting <u>Twombley</u> at 561.

Notwithstanding any of the foregoing, the Complaint in this case was crafted under the Nevada pleading rules.  As recently as October, the Nevada Supreme Court addressed the standard for a motion to dismiss under N.R.C.P. § 12(b)(5).  In particular, dismissal is only proper "if it appears beyond a doubt that the plaintiff 'could prove no set of facts, which, if true, would entitle [him] to relief.'" <u>Adams v. State</u>, 2009 WL 3425655, *1 (2009).  The Court must construe the pleading liberally and draw every fair intendment in favor of the plaintiff. <u>Merluzzi v. Larson</u>, 96 Nev. 409 (1980) (overruled on other grounds).  All allegations in the complaint must be accepted as true. <u>Hynds Plumbing & Heating Co. v. Clark County Sch. Dist.</u>, 94 Nev. 776 (1978).  In that regard, a complaint should be dismissed only when the plaintiffs could prove no set of facts that would entitle them to relief. <u>Cohen v. Mirage Resorts, Inc.</u>, 119 Nev. 1, 22, 62 P.3d 720, 734 (2003).

In this case, Plaintiff has adequately initially pled the case under the Nevada pleading standards.  As discussed herein, Plaintiff's claims have merit and this matter should be permitted to continue into the discovery phase.  In the alternative, Plaintiff should be permitted to re-plead given the new venue in which they now find themselves

### B. WHETHER DEFENDANT MERS WAS THE ORIGINATOR IS IRRELEVANT FOR LIABILITY UNDER PLAINTIFF'S UNFAIR LENDING CLAIM

The express language of Chapter 598D does not require that the person be the originator in order to find liability.  In particular, N.R.S. § 598D.050 defines "lender" as "a mortgagee, beneficiary of a deed of trust or other creditor who holds a mortgage, deed of trust or other instrument that encumbers home property as security for the repayment of a home loan."  The express language states nothing about being in privity to the original contract.

As Defendant MERS meets the definition of a lender under NRS § 598D, this Court should deny its motion to dismiss. Plaintiff alleged that MERS was named beneficiary of the deed of trust. Complaint ¶ 21. Rather, Plaintiff has stated that the Defendants knew or should have known that the loan was made in violation of N.R.S. § 598D.100. Complaint ¶¶ 66-70. Plaintiff has cited to the improper nature of the transaction. Complaint ¶ 68. As Defendant MERS meets the express definition of a lender under § 598D, its claim that it was not the originator is irrelevant and should be rejected.

### C. AS PLAINTIFF HAS ADEQUATELY PLED HIS FRAUD CLAIMS, DEFENDANT'S MOTION SHOULD BE DENIED

Defendants argue that the Plaintiff has not adequately pled fraud claims with particularity. In particular, they argue that Plaintiff has not made "averments as to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake." Document 18 at 4, citing Incorp Services, Inc. v. Nevada State Corporate Network, Inc., 2008 WL 4527834, 2 (D.Nev. 2008).

In general, a claim for fraud in the inducement need only show (1) a false representation made by defendants, (2) defendant's knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation), (3) defendant's intention to therewith induce the plaintiff to consent to the contract's formation, (4) plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to plaintiff resulting from such reliance. See J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 120 Nev. 277, 290 (2004).

As Plaintiff has pled a case for fraud in the inducement with particularity. Plaintiff's complaint sets forth allegations detailing the "originate to distribute" model of real estate lending that establishes the basis for a fraud in the inducement claim. Before MERS, it would not have been possible for mortgages with no market value (due to a predictably high likelihood of default), to be sold at a profit or sold as mortgage-backed securities. Before MERS, it would not have been possible for Defendants to conceal predatory origination of residential loans and the fraudulent resale of otherwise non-marketable loans. Before MERS,

1  the actual beneficiary of every deed of trust on every parcel in the United States and the State
2  of Nevada could be easily ascertained by merely reviewing the public records at the local
3  recorder's office where documents reflecting any ownership interest in real property are kept.

4  After MERS, it was impossible for a borrower, his or her attorneys, the courts, the
5  government or anyone else to identify the actual beneficial owner of any particular loan of the
6  property which was the collateral securing the loan.  After MERS, from the moment the deed
7  of trust was executed by the borrower, there was no "beneficiary" under the deed of trust, and
8  all subsequent assignments of any interest in the loan and deed of trust were known by the
9  Defendants to be fraudulent and unlawful.  After MERS, the servicing rights to predatory
10 loans, such as Plaintiff's, were retained by the originator or transferred to other predatory
11 entities for the specific purpose and with the specific intent to ultimately foreclose on the
12 residence and take the borrower's home.

13 In the case of Plaintiff and others similarly situated, the servicing rights were
14 transferred after the origination of the loan to an entity so large that communication with the
15 servicer became difficult if not impossible.  The servicer in many instances did not know the
16 identity of the actual beneficiary or owner of the note because the note had been bundled with
17 others and sold as mortgage-backed securities.  Therefore, the services did not have the
18 authority to negotiate a loan modification of the loan or to respond appropriately to evidence
19 presented to the servicer by the borrower of predatory lending in the origination of the loan.
20 The servicer was interested in one thing – making a profit from the foreclosure of the
21 borrower's residence – so that the entire predatory cycle of fraudulent origination, resale and
22 securitization could occur again.  This is the legacy of MERS, and the entire scheme was
23 predicated upon the fraudulent designation of MERS as the "beneficiary" under millions of
24 deeds of trust in Nevada and other states.

25 Within the incentive framework established by Defendant MERS, the loan originator
26 failed to provide the true terms of the loan.  Complaint ¶¶ 85 and 87.  As pled expressly, the
27 nondisclosures occurred at the time and place of closing.  Complaint ¶ 85.  At time and place
28 of closing, Defendants misrepresented Plaintiff's ability to repay the loan.  Complaint ¶ 88.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER & ASSOCIATES
LAS VEGAS   PHOENIX

Defendants knew that the Plaintiff would be unable to repay the loan. Based on the assurances that he was qualified, the Plaintiff signed the promissory note and deed of trust. Complaint ¶¶ 89-90.

Defendant MERS' reliance upon California case law is unfounded. More specifically, it cites a case for the contention that no duty exists between a lender and borrower. Document 18 at 6, citing Rodriguez v Litton Loan Servicing LP, 2009 WL 1326339 (E.D. Cal. 2009). In Rodriguez, the lender was sued for common law breach of a fiduciary duty. Rodriguez at *4. In contrast, the present case has a duty set forth by statute, namely Nev. Rev. Stat. § 598D. This Court need not look to the common law to find a duty where the Nevada legislature has saw fit to provide for one. As reliance on Rodriguez is unfounded, Defendant's motion should be denied.

## IV.
## CONCLUSION

Based on the aforementioned analysis, Plaintiff has adequately pled Defendant MERS; role with respect to his first and third causes of action. As such, Plaintiff respectfully requests this Court deny its motion to dismiss those counts.

///
///
////
///
///
///
///
///
///
///
///
///

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2010, I, personally, did electronically transmit the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the following CM/ECF registrants:

>Patrick G. Byrne, Esq.
>SNELL & WILMER, LLP
>3883 Howard Hughes Parkway, Suite 1100
>Las Vegas, Nevada 89169
>Attorneys for Defendant MERS

>Kevin Hahn, Esq.
>Malcolm Cisneros
>2112 Business Center Drive
>Second Floor
>Irvine, California 92612

>915 East Bonneville
>Las Vegas, NV 89101
>Counsel for Ocwen Loan Servicing, LLC and MTC Financial Inc., dba Trustee Corps.

_____
Jacob L. Hafter, Esq.