JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
MICHAEL K. NAETHE, ESQ.
Nevada State Bar No. 11222
LAW OFFICE OF JACOB L. HAFTER & ASSOCIATES
7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALAN KARTMAN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC.; MTC FINANCIAL, INC., dba TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive,<br><br>Defendants. | Case No.:   2:09-cv-02404-RCJ-PAL<br><br>**OPPOSITION TO DEFENDANTS OCWEN LOAN SERVICING, LLC AND MTC FINANCIAL, INC., dba TRUSTEE CORPS MOTION TO DISMISS REMANDED CAUSES OF ACTION** |

COMES NOW, Plaintiff ALAN KARTMAN, by and through his attorneys of the Law Offices of Jacob Hafter & Associates, and hereby submits this OPPOSITION to the MOTION TO DISMISS REMANDED CAUSES OF ACTION filed by LOAN SERVICING, LLC AND MTC FINANCIAL, INC., dba TRUSTEE CORPS. ("Motion"). <u>See</u> <u>Document 20</u>.   This Opposition is made and based upon Local Rule 7-2(b), the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other argument this Court may allow.

///

///

1

Dated this 11th day of May, 2010

LAW OFFICE OF JACOB HAFTER & ASSOCIATES

By: _____

Jacob L. Hafter, Esq.
Nevada Bar Number 9303
Michael Naethe, Esq.
Nevada Bar Number 11222
7201 W. Lake Mead Blvd., Ste 210
Las Vegas, Nevada 89128
Attorneys for Plaintiff

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///



7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendants' Motion asks this Court to ignore the rights of the Plaintiff under Nevada law to perpetrate further injustice.  By design, the complex system set up is wrought by misdirection and confusion.  However, in their haste to securitize and foreclose upon predatory notes, Defendants overlooked important aspects of state law.

Originally filed in Nevada District Court, the Complaint sets a number of causes of action supported by facts and law known to the Plaintiff to the best of her knowledge and belief.  They are premised upon the injustice wrought by the "originate to distribute" model of real estate finance established by the Defendants.  The "originate to distribute" model incentivizes disregard for state lending laws and encourages predatory lending.  If this Court reviews the facts asserted by the Plaintiff, it is clear that Court intervention is necessary to prevent further injustice.  As a result, the Plaintiff respectfully requests this Court deny Defendants' motion to dismiss.  As an alternative, should this Court see additional fact development, Plaintiff requests leave to amend the complaint.

**II.**

**FACTUAL BACKGROUND**

Plaintiff has fully set forth her understanding of the facts in the verified complaint.  As these facts, for the purpose of the present motion, must be accepted as true, the Plaintiff refers the Court to the statement of facts contained therein.

**III.**

**LEGAL ARGUMENT**

**A.  STANDARD OF REVIEW**

The Supreme Court has stated that "[w]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "While a complaint attacked by Rule

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
&
ASSOCIATES
LAS VEGAS        PHOENIX

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not d." Id. at 555.

Whether a complaint is "plausible" turns not on whether the alleged conduct is unlikely, but on whether the complaint contains sufficient non-conclusory factual allegations to support a reasonable inference that the conduct occurred.  In particular,

> To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.  We do not so characterize them any more than the Court in Twombly rejected the plaintiffs' express allegation of a 'contract, combination or conspiracy to prevent competitive entry,' because it thought that the claim too chimerical to be maintained.  It is the conclusory nature of the respondent's allegations, rather than their extravagantly fanciful nature, that disentitled them to the presumption of truth.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).

In Iqbal, the Court set out a two-pronged approach for evaluating whether a complaint satisfies FRCP 8's pleading requirement.  First, the court must identify the allegations in a complaint that are not entitled to the assumption of truth.  See Id. at 1949-50.  In other words, the court must separate pleadings of fact from pleadings of conclusion.  See Id.  Second, the court must evaluate the factual assertions, all of which are to be assumed to be true, to determine if "they plausibly suggest an entitlement to relief."  Id. at 1950.

Notwithstanding, dismissal of a complaint is disfavored and should only be granted in "extraordinary" cases. Calstar LLC v. First Union Nat'l Bank, 35 Fed. Appx. 602, **1 (9th Cir. 2002), citing United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir.1981). However, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Id., citing Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988).  If a complaint lacks facts to support a legal theory, but those facts could easily be supplied, the complaint should not be dismissed without leave to amend. See Id., citing Fed.R.Civ.P. 15(a) (stating that leave to amend should be "freely given"); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[A] district court

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
&
ASSOCIATES
LAS VEGAS          PHOENIX

4

should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts."(quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.1995))).  Ultimately, <u>Twombley</u> and its progeny further the policy goal of providing the defendant "fair notice of what the…claim is and the grounds upon which it rests."  <u>Erickson v. Pardus</u>, 550 U.S. 89, 93 (2007), quoting <u>Twombley</u> at 561.

Notwithstanding any of the foregoing, the Complaint in this case was crafted under the Nevada pleading rules.  As recently as October, the Nevada Supreme Court addressed the standard for a motion to dismiss under N.R.C.P. § 12(b)(5).  In particular, dismissal is only proper "if it appears beyond a doubt that the plaintiff 'could prove no set of facts, which, if true, would entitle [him] to relief.'"  <u>Adams v. State</u>, 2009 WL 3425655, *1 (2009).  The Court must construe the pleading liberally and draw every fair intendment in favor of the plaintiff.  <u>Merluzzi v. Larson</u>, 96 Nev. 409 (1980) (overruled on other grounds).  All allegations in the complaint must be accepted as true.  <u>Hynds Plumbing & Heating Co. v. Clark County Sch. Dist.</u>, 94 Nev. 776 (1978).  In that regard, a complaint should be dismissed only when the plaintiffs could prove no set of facts that would entitle them to relief. <u>Cohen v. Mirage Resorts, Inc.</u>, 119 Nev. 1, 22, 62 P.3d 720, 734 (2003).

In this case, Plaintiff has adequately initially pled the case under the Nevada pleading standards.  As discussed herein, Plaintiff's claims have merit and this matter should be permitted to continue into the discovery phase.  In the alternative, Plaintiff should be permitted to re-plead given the new venue in which they now find themselves

## B. WHETHER DEFENDANTS WERE LOAN ORIGINATORS IS IRRELEVANT FOR LIABILITY UNDER PLAINTIFF'S UNFAIR LENDING CLAIM

The express language of Chapter 598D does not require that the person be the originator in order to find liability.  In particular, N.R.S. § 598D.050 defines "lender" as "a mortgagee, beneficiary of a deed of trust or other creditor who holds a mortgage, deed of trust or other instrument that encumbers home property as security for the repayment of a home loan."  The express language states nothing about being in privity to the original contract.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER &
ASSOCIATES
LAS VEGAS          PHOENIX

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES
LAS VEGAS    PHOENIX

1  Furthermore, the usage of the MERS system blurs the roles of the parties involved in
2  the transaction.  For example, the holder of the note has not been disclosed.  Either of the
3  moving Defendants could be the holder of the note and therefore satisfy the definition of a
4  lender under Section 598D.100.
5  In addition, Plaintiff has stated that the Defendants knew or should have known that the
6  loan was made in violation of N.R.S. § 598D.100.  Complaint ¶¶ 66-70.  Plaintiff has cited to
7  the improper nature of the transaction.  Complaint ¶ 68.  Defendants have possession of all of
8  the relevant documents for determining the relevant parties and violations.  As such, it would
9  be inequitable to dismiss the present case.
10  Defendants' argument concerning running of a statute of limitation is also unfounded.
11  The general rule concerning statutes of limitation is that "a cause of action accrues when the
12  wrong occurs and a party sustains injuries for which relief could be sought."  Siragusa v.
13  Brown, 114 Nev. 1384, 1392 (1998), citing Petersen v. Bruen, 106 Nev. 271 (1990).  In
14  addition, "[w]hen the plaintiff knew or in the exercise of proper diligence should have known
15  of the facts constituting the elements of his cause of action is a question of fact for the trier of
16  fact." Id. at 1391, citing Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 623 (1983).
17  An exception to the general rule has been recognized by this court and many others in
18  the form of the so-called "discovery rule."  Under the discovery rule, "the statutory period of
19  limitations is tolled until the injured party discovers or reasonably should have discovered facts
20  supporting a cause of action."  Id. at 1392.
21  In the present case, Plaintiff was unaware of the relevant facts until just before default
22  occurred in late 2008 or 2009.  Furthermore, Plaintiff filed the Complaint on November 20,
23  2009, making the present action timely under the discovery rule.  For the aforementioned
24  reasons, Plaintiff respectfully requests this Court deny Defendants' motion to dismiss.
25  **C. AS PLAINTIFF HAS ADEQUATELY PLED HIS FRAUD CLAIMS, DEFENDANT'S MOTION SHOULD BE DENIED**
27  Defendants argue that the Plaintiff has not adequately pled fraud claims with
28  particularity.  In particular, they argue that Plaintiff has not identified the times, dates, places,

benefits received, and other details of the alleged fraudulent activity." Document 20 at 7, citing Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

In general, a claim for fraud in the inducement need only show (1) a false representation made by defendants, (2) defendant's knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation), (3) defendant's intention to therewith induce the plaintiff to consent to the contract's formation, (4) plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to plaintiff resulting from such reliance. See J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 120 Nev. 277, 290 (2004).

As Plaintiff has pled a case for fraud in the inducement with particularity. Plaintiff's complaint sets forth allegations detailing the "originate to distribute" model of real estate lending that establishes the basis for a fraud in the inducement claim. Before MERS, it would not have been possible for mortgages with no market value (due to a predictably high likelihood of default), to be sold at a profit or sold as mortgage-backed securities. Before MERS, it would not have been possible for Defendants to conceal predatory origination of residential loans and the fraudulent resale of otherwise non-marketable loans. Before MERS, the actual beneficiary of every deed of trust on every parcel in the United States and the State of Nevada could be easily ascertained by merely reviewing the public records at the local recorder's office where documents reflecting any ownership interest in real property are kept.

After MERS, it was impossible for a borrower, his or her attorneys, the courts, the government or anyone else to identify the actual beneficial owner of any particular loan of the property which was the collateral securing the loan. After MERS, from the moment the deed of trust was executed by the borrower, there was no "beneficiary" under the deed of trust, and all subsequent assignments of any interest in the loan and deed of trust were known by the Defendants to be fraudulent and unlawful. After MERS, the servicing rights to predatory loans, such as Plaintiff's, were retained by the originator or transferred to other predatory entities for the specific purpose and with the specific intent to ultimately foreclose on the residence and take the borrower's home.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
& ASSOCIATES
LAS VEGAS   PHOENIX

In the case of Plaintiff and others similarly situated, the servicing rights were transferred after the origination of the loan to an entity so large that communication with the servicer became difficult if not impossible.  The servicer in many instances did not know the identity of the actual beneficiary or owner of the note because the note had been bundled with others and sold as mortgage-backed securities.  Therefore, the services did not have the authority to negotiate a loan modification of the loan or to respond appropriately to evidence presented to the servicer by the borrower of predatory lending in the origination of the loan.  The servicer was interested in one thing – making a profit from the foreclosure of the borrower's residence – so that the entire predatory cycle of fraudulent origination, resale and securitization could occur again.  This is the legacy of MERS, and the entire scheme was predicated upon the fraudulent designation of MERS as the "beneficiary" under millions of deeds of trust in Nevada and other states.

Within the incentive framework established by Defendants, the loan originator failed to provide the true terms of the loan.  Complaint ¶¶ 85 and 87.  As pled expressly, the nondisclosures occurred at the time and place of closing.  Complaint ¶ 85.  At time and place of closing, Defendants misrepresented Plaintiff's ability to repay the loan.  Complaint ¶ 88.  Defendants knew that the Plaintiff would be unable to repay the loan.  Based on the assurances that he was qualified, the Plaintiff signed the promissory note and deed of trust.  Complaint ¶¶ 89-90.

Upon closing, the Defendants separated the note from the deed of trust.  Complaint ¶¶ 20-21.  This severed the link between the two.  Id.  Defendant MERS was named the beneficiary under the deed of trust.  Complaint ¶ 21.  These statements were published at the Clark County Recorder's Office.  Once the inevitable default occurred, Defendants attempted to foreclose on the deed of trust.  However, they failed to mention that they no longer had the option of a non-judicial foreclosure on an unsecured note.  Complaint ¶ 87.  Defendants knew they had no right to foreclose the home under non-judicial foreclosure laws.  Id.  Plaintiff lost his home and suffered emotional injury.  As the Defendants to the present motion precipitated and were the ultimate beneficiaries of the system that mislead the Plaintiff, doomed the note to

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES
LAS VEGAS   PHOENIX

default and resulted in tremendous emotional and financial harm, Plaintiff's claims for fraud in the inducement were properly raised

## IV.

## CONCLUSION

Based on the aforementioned analysis, Plaintiff has adequately pled the Defendants' role with respect to his first and third causes of action.  As such, Plaintiff respectfully requests this Court deny their motion to dismiss those counts.

///

///

////

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
& ASSOCIATES
LAS VEGAS    PHOENIX

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2010, I, personally, did electronically transmit the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the following CM/ECF registrants:

Patrick G. Byrne, Esq.
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Attorneys for Defendant MERS

Kevin Hahn, Esq.
Malcolm Cisneros
2112 Business Center Drive
Second Floor
Irvine, California 92612

915 East Bonneville
Las Vegas, NV 89101
Counsel for Ocwen Loan Servicing, LLC and MTC Financial Inc., dba Trustee Corps.


_____
Jacob L. Hafter, Esq.