**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALAN KARTMAN, ) | |
| ) | Case No.: 2:09-cv-02404-GMN-PAL |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| OCWEN LAN SERVICING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Alan Kartman sued Defendants on multiple causes of action related to the foreclosure of his mortgage. Pending before the Court is Defendants' Motion to Dismiss (ECF No. 20). For the reasons given herein, the Court GRANTS the Motion to Dismiss (ECF No. 20) in part, and DENIES it in part, granting it as to the Chapter 598D claim, but denying it as to the causes of action for wrongful foreclosure, injunctive relief, and declaratory relief.

**II.     FACTS AND PROCEDURAL HISTORY**

On or about May 17, 2007, Plaintiff purchased real property located at 5014 Gable Crest Ct., Las Vegas, NV 89141 (the "Property"), (Compl. ¶¶ 43–44, ECF No. 1), executing a promissory note for $396,000 and a deed of trust with lender Taylor, Bean & Whitaker Mortgage Corp. ("Taylor"), (*see Id.*, Ex. A, at 1–2; *Id.*, Ex. D, at 1, 4).[1] The deed of trust lists Equity Title of Nevada ("Equity Title") as trustee and MERS as "nominee" and "beneficiary." (*See Id.*, Ex. A, at 1).[2]

---

[1] The Court hereby takes judicial notice of the public records adduced by Plaintiff. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] As this Court has repeatedly ruled, regardless of this language, MERS is not in fact a beneficiary, but a nominee of the lender-beneficiary, i.e., a limited agent for the purpose of administering the deed of trust, for example to substitute trustees.

Plaintiff defaulted on the note.  Although no copy is attached to the Complaint, Plaintiff alleges that Trustee Corps filed a notice of default and election to sell ("NOD") on or about June 8, 2009. (Comp. ¶ 49.)  On June 23, 2009, MERS substituted MTC Financial Inc., d.b.a. Trustee Corps, as trustee. (*See Id.*, Ex. B.)  Trustee Corps recorded a notice of trustee's sale ("NOS") on or about September 15, 2009, indicating that it would sell the Property on October 5, 2009, (*see Id.*, Ex. C), but Plaintiff claims to have never received notice of the NOS, (*see id.* ¶ 63).

The most obvious potential defect in this foreclosure stems from the fact that Trustee Corps was substituted as trustee after it recorded the NOD, but before it recorded the NOS.  In Nevada, the power of sale cannot be exercised until one of two particular entities--the beneficiary or the trustee--or an agent thereof, records the NOD. Nev. Rev. Stat. § 107.080(2)(c).  Trustee Corps was not such an entity when it recorded the NOD.  Thus, unless Trustee Corps can provide evidence indicating that the beneficiary--Taylor--or the trustee--Equity Title--caused Trustee Corps to file the NOD, it may be liable for wrongful foreclosure.

Further complicating matters, some other unusual events occurred prior to the filing of this case.  In August 2009, after the NOD but before the NOS, Plaintiff and his attorneys discovered that Taylor had gone out of business, and that Defendant Ocwen Loan Servicing, LLC ("Ocwen") was the servicer of the mortgage. (*Id.* ¶¶ 56–58.)  The new owner of the debt, however, was unknown.

Plaintiff claims that, during August, Ocwen employees represented that because Ocwen had just recently begun servicing the mortgage, "the process would have to start over," and that Plaintiff would have to complete some forms for Ocwen, which he did. (*Id.* ¶¶ 60–61, 64.)  Trustee Corps, which may or may not have been aware of these issues, filed the NOS on or about September 16, 2009. (*See Id.*, Ex. C.)  On or about October 28, 2009, an Ocwen employee who was apparently unaware of the NOS represented to Plaintiff that Ocwen had not set a date for sale of the Property, (*Id.* ¶ 65), but on November 19, 2009, an Ocwen employee confirmed that

the Property was sold on that date, (*Id.* ¶ 66).  It is not clear who acceded to Taylor's rights as beneficiary, or whether that entity ratified Trustee Corps's actions.  Ocwen is apparently only a loan servicer.

Following this series of events, Plaintiff sued Defendants in the Clark County District Court on eleven causes of action: (1) Unfair Lending Practices Under Nev. Rev. Stat. § 598D.100; (2) Wrongful Foreclosure; (3) Fraud; (4)–(5) Civil Conspiracy; (6) Unjust Enrichment; (7) Wrongful Foreclosure; (8) Injunctive Relief; (9) Declaratory Relief; (10) Quiet Title; and (11) Rescission.  Plaintiff prays for damages, rescission, and declaratory and injunctive relief.  After the lawsuit was filed, Defendants removed the case to this Court.  No federal causes of action are pled; rather, jurisdiction is based on diversity.

At this juncture, this Court cannot resolve all of Plaintiff's claims, due to a multi-district litigation case (the "MDL Case"), MDL No. 2119, currently pending in the District of Arizona before the Hon. James A. Teilborg. (*See* ECF No. 13).  Pursuant to 28 U.S.C. § 1407 (2006), the Judicial Panel on Multidistrict Litigation ("JPML") transferred cases from a number of different districts for consolidated pretrial hearings where plaintiffs have brought causes of action based on "the formation and/or operation of the MERS system." (*Id.* at 1.)  The present case is one of the cases that has been consolidated into the MDL. (*Id.* at 2.)

This Court may, however, deal with some of Plaintiff's claims, as the JPML separated and remanded "[a]ll claims in these actions that are unrelated to the formation and/or operation of the MERS system," (*Id.* at 1), though the JPML gave no guidance concerning what it meant by that.  Rather than making the determination himself and possibly generating inconsistent rulings between this Court and that of Judge Teilborg, Judge Jones decided to wait for a ruling by Judge Teilborg on which causes of action he deemed to have been remanded by the JPML.

On May 17, 2010, Judge Teilborg issued an order delineating which causes of action in twenty-one of the consolidated cases--including the present case--were remanded to the

respective district courts. (*See* ECF No. 26.)  In the present case, Judge Teilborg identified the following causes of action as having been remanded, and the Court may therefore rule on the present Motion to Dismiss (ECF No. 20) with respect to them without any danger of inconsistent rulings: (1) Unfair Lending Practices Under Nev. Rev. Stat. § 598D.100; (2) Wrongful Foreclosure; and (3) Injunctive and Declaratory Relief, insofar as such relief pertains to the Chapter 598D or Wrongful Foreclosure claims. (*See Id.* at 8:17-21.)

### III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**IV.   ANALYSIS**

**A.  Unfair Lending Practices Under Nev. Rev. Stat. § 598D.100**

Plaintiff received the present mortgage on or about May 17, 2007.  Section 598D.100 of the Nevada Revised Statutes was amended in 2007, with an effective date of June 13, 2007. *See* 2007 Nev. Stat. 2844–46.  Thus, the pre-2007 version of the statute applies to the present case. That version of statute prohibited a lender from making "a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets . . . ." Nev. Rev. Stat. § 598D.100

/ / /

/ / /

(2006).³  Section 598D.100 applies to "home loan[s]," and the pre-2007 version of the statute required loans to qualify as "a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602(aa) . . . ." in order to qualify as a "home loan" under Nev. Rev. Stat. § 598D.040. *Id.*  HOEPA § 152 excludes "residential mortgage transactions" from coverage. 15 U.S.C. § 1602(aa)(1) (2006).  "Residential mortgage transaction[s]" include those where a deed of trust is created or retained against the consumer's dwelling to finance its acquisition or construction. 15 U.S.C. § 1602(w).  In other words, HOEPA applies to credit transactions where a person secures a debt obligation with a security interest against his existing "principal dwelling," but it excludes "residential mortgage transaction[s]" otherwise known as purchase money mortgages. *McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101 (JFB)(WDW), 2009 WL 315 0430, at *16 (E.D.N.Y. Sept. 29, 2009); *Llaban v. Carrington Mortgage Servs., LLC*, No. 09-CV-1667-HPOR, 2009 WL 2870154, at *5 (S.D. Cal. Sept. 3, 2009).  Therefore, HOEPA is inapplicable to Plaintiff's mortgage, which was obtained to finance the same property used as collateral, (*see* Compl., Exs. A, D), and the Court hereby dismisses this cause of action.

**B.  Wrongful Foreclosure**

Plaintiff alleges that the foreclosure was wrongful because the sale was illegal under Nev. Rev. Stat. § 107.080 for several reasons: (1) the NOD was filed by Trustee Corps before it was named as trustee, (Compl. ¶ 155); (2) Taylor did not have the ability to direct a trustee's sale on November 19, 2009, because it was defunct at the time, (*Id.* ¶ 159); (3) Plaintiff made some payments after the NOD was filed, invalidating the NOD, (*Id.* ¶ 160); and (4) Plaintiff received no notice of the trustee's sale, (*Id.* ¶ 161).  On these grounds, Plaintiff asks the Court to void the

---

³ The post-2007 statute broadens the protection given to consumers by making it actionable when a lender knowingly or intentionally makes "a home loan . . . without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan." § 598D.100 (2009).  This new version of Chapter 598D is essentially the statutory equivalent of the putative common law "suitability" cause of action often asserted in foreclosure cases.

sale.  As noted above, in Nevada it is a statutory defect in foreclosure for an entity that is not yet the beneficiary, trustee, or an agent of one of these, to record the NOD.  Such appears to be the fact pattern here, and that is enough to deny the motion to dismiss without examining Plaintiff's other arguments.  The relevant foreclosure statutes state:

> 2.  The power of sale must not be exercised, however, until:
>
>> (a) Except as otherwise provided in paragraph (b), in the case of any trust agreement coming into force:
>> . . .
>>
>>> (2) On or after July 1, 1957, the grantor, the person who holds the title of record, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property has, for a period of 35 days, computed as prescribed in subsection 3, failed to make good the deficiency in performance or payment;
>>
>> (b) In the case of any trust agreement which concerns owner-occupied housing as defined in NRS 107.086, the grantor, the person who holds the title of record, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property has, for a period that commences in the manner and subject to the requirements described in subsection 3 and expires 5 days before the date of sale, failed to make good the deficiency in performance or payment;
>>
>> (c) **The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation**; and
>>
>> (d) Not less than 3 months have elapsed after the recording of the notice.
>> . . .
>
> 5.  Every sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption.  **A sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if:**
>
>> (a) **The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section . . . .**

Nev. Rev. Stat. § 107.080(2)(a)–(d), 5(a) (emphasis added).  Plaintiff has not only alleged enough facts to survive a motion to dismiss, he may have provided enough evidence to survive a motion for summary judgment.  Plaintiff's evidence that Trustee Corps filed the NOD while it was still a stranger to the mortgage shows that there is at least a question of fact as to whether foreclosure here was statutorily defective.  The Court therefore denies the motion to dismiss as to the causes of action for wrongful foreclosure, injunctive relief, and declaratory relief.

If Defendants can produce evidence showing that Trustee Corps was acting at the direction of the owner of the beneficial interest in the loan at the time it filed the NOD--whether this was Taylor or some other entity, then it may be entitled to summary judgment.  But Defendants have not yet produced such evidence.  In fact, the evidence adduced in Defendants' Request for Judicial Notice (ECF No. 21) tends to show that Trustee Corps was substituted as trustee for Equity Title on June 23, 2009, (*see* ECF No. 21-3 at 3), but that Trustee Corps recorded the NOD before that date, on June 8, 2009, (*see* ECF No. 21-4 at 4).

## CONCLUSION

IT IS HEREBY ORDERED that Defendants Motion to Dismiss (ECF No. 20) is GRANTED in part and DENIED in part.  The Motion is GRANTED as to the Chapter 598D claim, but is DENIED as to the causes of action for wrongful foreclosure, injunctive relief, and declaratory relief.

DATED this 1st day of September, 2010.

_____
Gloria M. Navarro
United States District Judge