# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| ALAN KARTMAN, | ) |
| Plaintiff, | ) Case No. 2:09-cv-02404-GMN-PAL |
| vs. | ) **ORDER** |
| OCWEN LOAN SERVICING, INC., *et al.*, | ) (Mot. Appear Telephonically - Dkt. #55) |
| Defendants. | ) |

Before the court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion for Leave to Appear Telephonically at the April 28, 2011 Settlement Conference (Dkt. #55). Ocwen seeks to allow "witness Chomie Neil" to appear telephonically because he resides out of state and has a conflict in scheduling that prevents him from scheduling in person. The request seeks to avoid the cost of travel expenses and fees related to travel time. Defendant Ocwen also filed a Motion to Appear Telephonically (Dkt # 54), which has now been withdrawn, requesting that its out of state counsel of record in this case, Kevin Hahn be permitted to appear telephonically because he "resides out of the county and has a conflict in scheduling that prevents him from appearing in person."

Plaintiff filed Responses to both motions (Dkt. ## 56 & 57) objecting to the telephonic appearances noting that the motions did not comply with the court's March 9, 2011 order setting the settlement conference for April 28, 2011, and requiring that any request to the mandatory personal attendance requirement be filed and served at least one week prior to the settlement conference. Additionally, counsel for Plaintiff is "highly concerned" that the request for telephonic appearances indicate the lack of seriousness with which the Defendants are treating this case. Plaintiff fears that without the personal attendance of the Defendant's representative the upcoming settlement conference would have little value. Ocwen filed a Reply (Dkt. #58) which represents "on information and belief"

"witness Chomie Neil" works and resides in Florida.  He is the individual who has been provided with settlement authority, and the request is made that he appear telephonically to avoid "undue expenses".

On March 4, 2011, the district judge referred this matter to the undersigned to schedule a settlement conference upon the close of discovery, which occurred on March 11, 2011.  The undersigned entered an Order Scheduling the Settlement Conference (Dkt. #42) on March 9, 2011, which set the settlement conference for April 28, 2011, at 1:30 p.m., and outlined the parties' responsibilities for preparing for and attending the conference.  It required personal attendance of a representatives of each party with settlement authority up to the full amount of the Plaintiff's demand.  The order was also explicit, that any request for an exception to the attendance requirement be requested a week prior to the settlement conference.

As counsel for Plaintiff correctly points out, the motion was not timely filed.  The motion asserted that Mr Neil, variously described as Ocwen's witness/representative with settlement authority, "has a conflict in scheduling that prevents her (sic) from appearing in person."  The reply states "on information and belief" Mr. Neil works and lives in Florida and has "settlement authority for the mediation and is prepared to attend the same" but that his telephonic appearance "will neither frustrate nor hinder the purposes of the Settlement Conference."  His asserted scheduling conflict has apparently been resolved, if it ever existed, which the court frankly doubts.

The court rarely allows telephonic participation by representatives with settlement authority because they are rarely productive.  Defendant Ocwen's motion, which characterizes Mr. Neil as a "witness", and its initial request (Dkt. #54) that its counsel be excused from attending the settlement conference because of an unspecified scheduling conflict he does not deign to disclose demonstrate a lack of respect for the court's order.

A review of the court's docket reflects that Defendant Ocwen filed a Motion for Summary Judgment (Dkt. #51), and that co-Defendant MTC Financial, Inc., filed a Motion for Partial Summary Judgment (Dkt. #48) April 11, 2011 after the close of discovery.  Plaintiff's responses to both motions are not due until after the settlement conference.  The court will therefore vacate and reset the settlement conference until briefing on the motions is completed.   However, the district judge made a deliberate decision to refer this matter to me to conduct a settlement conference after the close of

discovery rather than after decision of dispositive motions.  The parties should prepare for the settlement conference with this in mind.

**IT IS ORDERED** that:

1. Defendant Ocwen's Motion for Chomie Neil to Appear Telephonically (Dkt. #55) is **DENIED**.
2. The settlement conference scheduled for April 28, 2011, is **VACATED** and **RESET** for **Friday, June 3, 2011, at 9:30 a.m.,** in Chambers of the undersigned, Room 3071.

Dated this 26th day of April, 2011.

Peggy A. Leen
United States Magistrate Judge